Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EAGLE FRUIT TRADERS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ULTRA FRESH, LLC, MICHAEL FELIX, and WILLIAM HIDALGO,**<br><br>**Defendants.** | Civil Action No. 18-14541 (ES) (SCM)<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff Eagle Fruit Traders, LLC's ("Plaintiff") Motion for a Preliminary Injunction against Defendants Ultra Fresh, LLC ("Ultra Fresh"), Michael Felix, and William Hidalgo (collectively "Defendants"). (D.E. No. 4). Plaintiff seeks to enjoin Defendants from dissipating the assets of Ultra Fresh. Defendants have not opposed Plaintiff's Motion for Preliminary Injunction, and on November 7, 2018, the Clerk of Court entered default against Defendants for failing to answer the Complaint. As such, the Court deems the Motion unopposed. This Court has jurisdiction pursuant to 7 U.S.C. § 499E (c)(5)(i) and 28 U.S.C. § 1331. For the reasons set forth below, Plaintiff's Motion for Preliminary Injunction is GRANTED.

**I.     BACKGROUND**

Plaintiff brings this action under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. 499a, *et seq.* (D.E. No. 1, Complaint ("Compl.") ¶ 7). Plaintiff is a Massachusetts limited liability company engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce, and is a licensed as a

Produce dealer under PACA. (Compl. ¶ 3). Defendant Ultra Fresh is a New Jersey limited liability company engaged in the business of buying wholesale quantities of Produce in interstate commerce. (*Id.* ¶ 4). Defendants Felix and Hidalgo are principals, officers, and owners of Ultra Fresh. (*Id.* ¶¶ 5-6).

Between May 15, 2018 and June 5, 2018, Plaintiff sold and delivered to Defendants, in interstate commerce, $44,800 worth of Produce, which Defendants accepted but failed to pay for. (*Id.* ¶ 8). Soon after, Plaintiff delivered to Defendants invoices dated May 15, May 16, May 23, and June 5, 2018, which contained certain language required under 7 U.S.C. § 499e(c)(4). (*Id.* ¶ 9; D.E. No. 4-3, Declaration of Michael Giglio ("Giglio Decl.") ¶ 8 & Exs. 3-4). Additionally, the invoices contain a provision requiring Defendants to pay Plaintiff interest at a rate of 1.5% monthly (18% annually) on all unpaid amounts, as well as attorneys' fees and costs associated with collecting the unpaid amount. (Compl. ¶¶ 10-11; Giglio Decl. ¶ 9). As such, Plaintiff alleges it is the beneficiary of the "PACA Trust" created by operation of 7 U.S.C. § 499e(c). (Compl. ¶ 9).

Plaintiff alleges that Defendants acknowledged the PACA Trust debt, have admitted they lack the funds to pay the balance in full, and have breached promises to make partial payments. (*Id.* ¶ 13; Giglio Decl. ¶ 11). Particularly, Defendants have told Plaintiff's representatives that Defendants lack the money to pay the balance of the debt in full and need a payment plan to pay the debt, because other creditors have filed numerous claims with the USDA for failure to pay against Ultra Fresh. (Giglio Decl. ¶ 11).

Plaintiff alleges that there are accounts receivable owed to Ultra Fresh, which are likely impressed with the PACA Trust. (*Id.* ¶ 14). Plaintiff states that unless Defendants are enjoined, Defendants will continue to dissipate the trust, causing Plaintiff immediate and irreparable harm. (*Id.* ¶ 15).

On October 1, 2018, Plaintiff filed the instant Complaint (*See* Compl.), and on October 9, 2018, Defendants were served with process (D.E. No. 3). On or about October 11, 2018, the parties reached a tentative agreement for a payment plan where Defendants would make the first payment of $11,200 on or before October 15, 2018. (*Id.* ¶ 12). However, Defendants failed to execute the agreement and failed to make this payment. (*Id.*). On October 23, 2018, Plaintiff filed a request for an Order to Show Cause with Temporary Restraints against Defendants. (D.E. No. 4). On October 25, 2018, the Court held oral argument on Plaintiff's request. The Court permitted Defendants' out-of-state counsel to appear via telephone. (*See* D.E. No. 7). After hearing arguments, the Court reserved its decision pending settlement talks before the Honorable Magistrate Judge Steven C. Mannion. (*Id.*). That afternoon, the parties reached a tentative settlement which was placed on the record.

On October 31, 2018, however, Plaintiff's counsel filed a letter indicating Defendants had failed to execute the agreed stipulated judgment. (D.E. No. 8). Further, Defendants' counsel informed Plaintiff that he did not anticipate the execution of the stipulated judgment to be forthcoming. (*Id.*). Consequently, Plaintiff requested that the Court issue the requested temporary restraints and order Defendants to show cause. (*Id.*).

On November 1, 2018, the Court read into the record its Opinion and issued an Order to Show Cause with Temporary Restraints temporarily retraining Ultra Fresh and its officers, including Defendants Felix and Hidalgo, from dissipating the PACA Trust assets. (D.E. Nos. 9 & 10). Particularly, the Court found that Plaintiff was likely to succeed on the merits of its PACA claims, that Plaintiff had and would suffer immediate irreparable harm if the restraints were not imposed because it was likely Defendants were dissipating the PACA Trust assets, and that the equities supported the grant of the temporary restraints. Therefore, Defendants were ordered to

show cause why a preliminary injunction should not be issued and were ordered to file any opposition to the preliminary injunction by November 8, 2018. (D.E. No. 10). Plaintiff's counsel certified that he served this Order upon Defendants via email to Defendants' out-of-state counsel and via two separate business of emails to Ultra Fresh on November 1, 2018, as well as via overnight mail to Ultra Fresh's principal place of business and Felix's home address on November 1 and again on November 6, 2018. (D.E. No. 14, at 1-2).

On November 5, after Defendants failed to timely answer the Complaint, Plaintiff moved for default, and on November 7, 2018 the Clerk of Court entered default against Defendants. (D.E. No. 11). As of today, Defendants have not filed an opposition to the Preliminary Injunction, have not answered the Complaint, and have otherwise failed to make any formal appearance before this Court since the October 25, 2018 hearing.

## II. LEGAL STANDARD

Injunctive relief is an "'extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). The Court may grant an injunction only if a party shows: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318 (3d Cir. 2015) (quoting *Kos Pharm., Inc.*, 369 F.3d at 708).

A party moving for a preliminary injunction must provide sufficient evidence of all four factors—and a district court should weigh all four—prior to granting injunctive relief. *Am. Tel. & Tel. Co.*, 42 F.3d at 1427. However, "[a]s a practical matter, if a plaintiff demonstrates both a

likelihood of success and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff." *Id.* at 1427 n.8.

## III.  ANALYSIS

Plaintiff brings six claims under PACA. (*See* Compl. ¶¶ 15-36). PACA was enacted "to promote fair trading practices in the produce industry." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.,* 222 F.3d 132, 135 (3d Cir. 2000) (citation omitted). Under PACA, all "perishable agricultural commodities, inventories of food or other derivative products, and any receivables or proceeds from the sale of such commodities or products, are to be held in a non-segregated floating trust for the benefit of unpaid sellers." *Id.* at 135-36; 7 U.S.C. § 499e(c). However, when trust assets are commingled with other funds, the trust is impressed upon the entire commingled fund for the benefit of the unpaid beneficiaries. *See* 7 C.F.R. § 46.46(d)(1); *Sanzone-Palmisano v. M. Seaman Enters.*, 986 F.2d 1010, 1013-14 (6th Cir. 1993). The burden is on the buyer "of showing that disputed assets were not acquired with proceeds from the sale of produce or produce-related assets." *Sanzone-Palmisano*, 986 F.2d at 1013.

This PACA Trust "is created by operation of law upon the purchase of such goods, and the produce buyer is the statutory trustee." *Tanimura*, 222 F.3d. at 136. "To protect the assets of the trust, the unpaid supplier must give the trustee written notice of intent to preserve the trust within thirty calendar days after payment was due. Alternatively, the unpaid seller may provide notice of intent through its ordinary and usual billing or invoice statements." *Id.* The invoice statement must include certain required statutory language. 7 U.S.C. § 499e(c)(4).

A buyer or trustee violates the statute if it fails to maintain the PACA Trust, or fails to make full payment promptly to the trust beneficiary. 7 U.S.C. § 499b(4). Thus, buyers "are required to maintain trust assets in a manner that such assets are freely available to satisfy

outstanding obligations to sellers of perishable agricultural commodities," and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is prohibited. 7 C.F.R. § 46.46(e)(l). Dissipation of trust assets is defined as any act which could result in the diversion of trust assets or the impairment of a seller's right to obtain payment. 7 C.F.R. § 46.46(b)(2).

Here, the Court finds that Plaintiff is entitled to preliminary injunctive relief. First, the Court finds that Plaintiff is likely to succeed on the merits on its PACA claims. Plaintiff's proffered evidence indicates that Plaintiff is in the business of selling wholesale quantities of Produce in interstate commerce, and is licensed as a Produce dealer under PACA. (*See* Giglio Decl. ¶ 3 & Ex. 1). Plaintiff sold, in interstate commerce, wholesale quantities of Produce to Defendant Ultra Fresh for $44,800. (*Id.* ¶ 6 & Exs. 3-4). Ultra Fresh accepted the Produce, but has failed to pay. (*Id.*). Additionally, as required by the statute under 7 U.S.C. § 499e(c)(4), Plaintiff gave Defendants timely notice of its intent to preserve its interest in the PACA Trust through invoices, which included the terms of payment and the required statutory language. (*Id.* ¶¶ 8-9 & Ex. 4). Therefore, Plaintiff is the beneficiary of a statutory trust provided for by PACA. *See* 7 U.S.C. § 499e(c).

Additionally, Plaintiff has provided evidence that Defendants failed to maintain the PACA Trust and failed to make full payment promptly to Plaintiff, the trust beneficiary, as required by 7 U.S.C. § 499b(4). Indeed, there is no dispute that this debt is overdue and owing. (*See* Giglio Decl. ¶¶ 11-14).

Second, the Court finds that Plaintiff has made a sufficient showing that it has suffered irreparable harm, and will suffer additional and immediate irreparable injury without granting the requested preliminary injunction. As the Court explained when it granted the temporary restraining order, Defendants have admitted that Ultra Fresh lacks money to pay the balance in full

and needs a payment plan "due to numerous claims for failure to pay filed against Ultra Fresh by other creditors with the USDA." (*See* Giglio Decl. ¶ 11). Consequently, Defendants have effectively conceded that they dissipated the PACA Trust assets belonging to Plaintiff, and likely, other claimants. *See Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368, 2011 WL 13063669, at *2 (D.N.J. Nov. 1, 2011).

Moreover, Plaintiff represents that Defendant Ultra Fresh has outstanding accounts receivable which are likely impressed with the PACA Trust. (Giglio Decl. ¶ 14). And these assets are also likely to be dissipated unless Ultra Fresh is enjoined. (*Id.* ¶ 15). Indeed, it appears that Ultra Fresh's bank account has a negative balance. (*See* D.E. No. 14 at 2). Thus, together with Defendants' concession that Ultra Fresh is facing multiple claims for failure to pay, it appears very likely that Ultra Fresh is financially unstable. These facts are sufficient for Plaintiff to show immediate irreparable harm. *See Tanimura*, 222 F.3d at 139-41 (concluding that PACA trust dissipation constitutes irreparable harm and that "dissipation . . . can render money damages inadequate, thereby necessitating equitable relief, especially when the dissipation will clearly result in the debtor's inability to make payment"). After all, "once the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery." *Id.* at 136 (citing *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990)).

Moreover, although at least four months have passed between the time when the invoices became due and the present application, the parties had been in ongoing negotiations and in fact, reached a tentative payment agreement on October 11, 2018. (*See* Giglio Decl. ¶ 12). But shortly thereafter, Defendants failed to execute the agreement, failing to make the first installment payment, and ceased all communications with Plaintiff. (*Id.*). More recently, after reaching a settlement agreement on October 25, 2018, before Magistrate Judge Mannion, Defendants again

failed to execute the agreed-upon stipulated judgment, and again failed to make the promised first payment. (*See* D.E. No. 8). Since then, Defendants have failed to come before the Court despite being properly served. Therefore, Plaintiff is rightly concerned that the Defendants are only stalling in order to further dissipate the PACA Trust.

Consequently, the Court finds that it is likely that Defendants not only already violated their statutory and regulatory duties, but it is also likely that absent injunctive relief any remaining PACA Trust assets will be further dissipated irrecoverably. *See Tanimura*, 222 F.3d at 139-40 ("However, counsel clearly stated that the purpose of the injunction would be to prevent *further* dissipation and, presuming the existence of remaining trust assets, we conclude that this is proper use of injunctive relief in a situation such as this, even if the dissipation has commenced, but is still ongoing."); *Edward G. Rahll & Sons, Inc. v. Zach*, No. 08-1384, 2008 WL 3853311, at *1 (M.D. Pa. Aug. 14, 2008).

Third, Plaintiff has demonstrated that there is little risk that Defendants would be irreparably harmed if the temporary restraints are granted. Indeed, under PACA Defendants have no right to the PACA Trust assets for any purpose other than to pay Plaintiff and other creditors for the Produce Defendants bought and accepted. *See Tanimura*, 222 F.3d at 140. Additionally, Plaintiff seeks to enjoin only the assets of Defendant Ultra Fresh, and not the individual Defendants, which diminishes the risk of harm against individual Defendants Felix and Hidalgo.

Fourth, the public interest will be strongly served by this emergent relief. After all, Congress expressly amended PACA for the purpose of protecting the interests of Produce wholesalers in connection with interstate commerce. *See Tanimura*, 222 F.3d at 135; *see also* 49 Fed. Reg. 45735, 45737 (Nov. 20, 1984) (stating that PACA was enacted to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce"

and to "provide a code of fair play and aid to agricultural traders in enforcing their contracts"). The Court will therefore enter the requested preliminary injunction.

Finally, the Court finds that Plaintiff should be excused from posting a security bond because Defendants presently hold $44,800.00 worth of Plaintiff's assets. *See Elliott v. Kiesewetter*, 98 F.3d 47, 60 (3d Cir. 1996) (stating that district courts have discretion to waive the bond requirement contained in Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the[ ] equities weighs overwhelmingly in favor of the party seeking the injunction").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for a preliminary injunction. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**