Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EAGLE FRUIT TRADERS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ULTRA FRESH, LLC, MICHAEL FELIX, and WILLIAM HIDALGO,**<br><br>Defendants. | Civil Action No. 18-14541 (ES) (SCM)<br><br>**MEMORANDUM OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff-Intervenor Weis-Buy Farms, Inc.'s ("Weis") motion for leave to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) (the "Motion"). (D.E. No. 12). Plaintiff Eagle Fruit Traders, LLC ("Plaintiff") consents to this request. (*Id.* ¶ 4). Defendants Ultra Fresh, LLC ("Ultra Fresh"), Michael Felix, and William Hidalgo (collectively "Defendants") have not filed a response to the Motion. The Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court finds as follows:

1. On October 1, 2018, Plaintiff initiated the instant action against Defendants alleging various claims under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. 499a, *et seq*. (*See* D.E. No. 1). Particularly, Plaintiff alleges that Defendants are dissipating the assets of the trust created by operation of law under PACA pursuant to 7 U.S.C. 499e(c) (the "PACA Trust"). (*See id.*). PACA applies to the sale of perishable agricultural commodities ("Produce") in interstate commerce and was enacted to "promote fair trading practices in the produce industry." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 135 (3d Cir. 2000).

2. On November 1, 2018, the Court granted Plaintiff's request for a temporary restraining

order against Defendants, and ordered Defendants to show cause why a preliminary injunction should not be issued. (D.E. No. 13). On November 7, 2018, the Clerk of Court entered default against Defendants for failing to answer Plaintiff's Complaint or otherwise appear before this Court. On November 16, 2018, after Defendants failed to show cause why the Court should not grant Plaintiff's request for a preliminary injunction, the Court issued an Opinion and Order preliminarily enjoining Defendants from dissipating the assets of Ultra Fresh. (D.E. Nos. 19 & 20).

3. On November 6, 2018, Weis filed the instant Motion for leave to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). (D.E. No. 12). Weis states that on November 2, 2018, it filed a related action against Defendants in this district, docketed as civil action number 18-15631-SDW-LDW, "but the present case has a lower case number and more progress has been made in the present case." (*Id.* ¶ 3). Plaintiff consents to Weis's request to intervene. (*Id.* ¶ 4). Defendants have not filed a response to the motion.

4. Weis alleges that it is a supplier of wholesale quantities of Produce, and that in March of 2018 it sold and delivered Produce valued at $ 49,403.50 to Ultra Fresh. (D.E. No. 12-2, Complaint-in-Intervention ("Weis's Compl.") ¶¶ 4, 8 & 11). Weis further alleges that at or about the time of delivering the Produce, Weis emailed Ultra Fresh invoices pertaining to each delivery which included the required statutory notice of intent to preserve PACA Trust benefits. (*Id.* ¶ 9). Weis alleges that Ultra Fresh sold the Produce and that the consideration Ultra Fresh received became part of the statutorily-created PACA Trust. (*Id.* ¶ 12). However, Ultra Fresh "failed and refused" to make full payment for the Produce, and Weis is owed the value of the Produce as well as accrued interest, attorneys' fees, and costs. (*Id.* ¶¶ 13-16).

5. A litigant seeking to intervene as of right must establish: "(1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to

the action do not adequately represent the prospective intervenor's interests." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005); Fed. R. Civ. P. 24(a)(2). Each requirement "must be met to intervene as of right." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).

6. Under PACA and underlying regulation, trust assets are to be preserved in a "non-segregated 'floating' trust." 7 C.F.R. 46.46(b). Additionally, "[i]t is the buyer's or receiver's responsibility as trustee to insure that it has sufficient assets to assure prompt payment for produce and that the beneficiary under the trust will receive full payment. . . ." *See* Regulations Under the Perishable Agricultural Commodities Act; Addition of Provisions To Effect a Statutory Trust, 49 Fed. Reg. 45,735-01, 45,738 (Nov. 20, 1984) (codified at 7 C.F.R. pt. 46). Particularly, the PACA Trust exists for the "benefit of all unpaid [Produce] suppliers, sellers, or agents." *See* 7 U.S.C. § 499e(c)(2). Additionally, upon a showing that the PACA Trust is being dissipated, the Court may enjoin the trustee from further dissipation. *Tanimura*, 222 F.3d at 139-40; *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) (noting that in situations where PACA Trust is being dissipated, each beneficiary is entitled to a pro rata share of the remaining trust assets).

7. Here, Plaintiff's application is timely, because it was filed just five days after the Court entered an Order to show cause with temporary restraints against Ultra Fresh. (*See* D.E. Nos. 10 & 12). Weis has also shown a sufficient interest in the underlying litigation and a threat that its interest will be impaired by the disposition of this action. Like Plaintiff, Weis alleges it is a beneficiary of the PACA Trust to which Ultra Fresh is the trustee: Weis sold wholesale quantities of Produce to Ultra Fresh, preserved its interest in the PACA Trust through invoices containing the required notice, and Defendants have failed to pay for the Produce. (*See* Weis's Compl. ¶¶ 4 & 8-15). And, as the Court outlined in its November 16, 2018 Opinion, it appears that Defendants were dissipating the trust assets and that Ultra Fresh may be financially unstable. (*See* D.E. No. 19 at 7). Therefore, a

3

disposition of this case presents a threat to Weis's interest because payment to Plaintiff may impair Weis' ability to receive its pro rata share of the PACA Trust assets. *See Frio Ice, S.A.*, 918 F.2d at 159. Finally, for these same reasons the existing parties to the action do not adequately represent Weis's interests in a pro rata share of the trust's assets. *See, e.g.*, *Castellini Co., LLC v. Haag Food Serv., Inc.*, No. 16-0110, 2016 WL 9348944, at *2 (S.D. Ill. May 11, 2016) ("Castellini's interest is potentially adverse to Freshway, as it is competing for the same funds."); *see also Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197, 209 (3d Cir. 1998) ("The primary purpose of the statute was to protect unpaid sellers *vis-a-vis* secured creditors, not to prefer certain unpaid sellers over others.").

8. Therefore, the Court grants Weis's Motion. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**