**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EAGLE FRUIT TRADERS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ULTRA FRESH, LLC,** *et al.*,<br><br>Defendants. | Civil Action No. 18-14541 (ES) (SCM)<br><br>**ORDER** |

**SALAS, DISTRICT JUDGE**

Before the Court is plaintiff Eagle Fruit Traders, LLC's ("Plaintiff") motion for default judgment against defendants Ultra Fresh, LLC ("Ultra"), Michael Felix, and William Hidalgo (collectively "Defendants"). (D.E. No. 17). Also before the Court is Ultra and Felix's cross-motion to set aside the entry of default. (D.E. No. 57). The Court having considered the relevant submissions and having decided the motions without oral argument, *see* Fed. R. Civ. P. 78.1(b); L. Civ. R. 78.1(b); and for the reasons stated in the Court's accompanying Opinion;

IT IS on this 4th day of November 2019,

**ORDERED** that Ultra and Felix's cross-motion to set aside the entry of default (D.E. No. 57) is DENIED; and it is further

**ORDERED** that Plaintiff's motion for default judgement (D.E. No. 17) is GRANTED-in-part and DENIED-in-part: the Court DENIES Plaintiff's motion as to Hidalgo *without prejudice*, but GRANTS Plaintiff's motion as to Ultra and Felix; and it is further

**ORDERED** that to the extent Plaintiff wishes to pursue default judgment against Hidalgo, Plaintiff may, within 20 days of this Order, file a letter brief (not to exceed 7 pages) and supporting

evidence addressing all the requirements of a motion for default judgment, particularly whether Hidalgo was properly served and whether default judgment is appropriate in light of Hidalgo's apparent hospitalization; and it is further

**ORDERED** that judgment as to Ultra and Felix will not issue at this time pending Plaintiff's supplementation of the record; within 20 days of this Order, Plaintiff must file a letter brief and supporting evidence outlining Plaintiff's request for attorneys' fees,[1] costs, and interests; and it is further

**ORDERED** that the Clerk of Court TERMINATE docket entry numbers 17 and 57.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1] *See United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007) (noting that the "starting point for determining the amount of a reasonable fee is the lodestar calculation," which is "the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate." (internal quotation marks omitted)); *see also* L. Civ. Rule 54.2.